UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIA WANG and QUI LI WANG,

    Plaintiffs,

v.                                        CASE NO: 8:10-cv-2603-T-23EAJ

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

    Defendant.
_____/

**ORDER**

On April 15, 2009, the plaintiffs filed in state court a complaint (Doc. 2) against the defendant for breach of an insurance policy and for bad faith under Section 624.155, Florida Statutes. On November 18, 2010, (one month before trial) the defendant removed (Doc. 1) and alleged diversity jurisdiction under 28 U.S.C. § 1332. The plaintiffs move (Doc. 4) to remand under 28 U.S.C. § 1447(c) and for attorney's fees. The defendant responds (Doc. 9) in opposition.

Background

In removing this action, the defendant relies on the so-called "revival exception" to the one-year limitation on removal. See 28 U.S.C. § 1446(b). The defendant asserts that the plaintiffs "deliberately misled" the defendant about the amount in controversy until November 15, 2010, thirty days before trial. Additionally, the defendant argues that the plaintiffs must amend the complaint to state a claim for more than $75,000.00 in

damages and that the prospective amendment "fundamentally alters" the action to the extent that the action qualifies as "essentially [a] new lawsuit."

In support of removal, the defendant states (1) that the plaintiffs originally alleged (Doc. 2) damages that "exceed $15,000.00[] but are less than $75,000.00"; (2) that a civil remedy notice attached to the complaint describes a claim for $62,019.76 in compensatory damages; (3) that, in response to discovery in May, 2009, the plaintiffs confirmed the claim for $62,019.76 in damages; (4) that an additional June 10, 2009, civil remedy notice confirms the plaintiffs' claim for $62,019.76 in damages; (5) that, in preparation for a March, 2010, trial the defendant deposed the plaintiffs' expert, who confirmed the $62,019.76 in damages; (6) that in March, 2010, the state court granted summary judgment for the defendant but later vacated the decision after a re-hearing; and (7) that the plaintiffs on October 7, 2010, filed another civil remedy notice in which the plaintiffs claimed $62,019.76 in damages.  Subsequently, the plaintiffs informed the defendant that the plaintiffs' expert had performed additional work and formed additional opinions.  On October 28, 2010, the expert deposed that the plaintiffs sustained $101,338.38 in damages.  On November 1, 2010, the plaintiffs declined to claim a greater amount of damages, but on November 5, 2010, the plaintiffs decided to increase the damages claim in accord with the revised expert opinion.

Discussion

In a dispute between citizens of different states, 28 U.S.C. § 1332 authorizes federal jurisdiction over an action in which the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  Under 28 U.S.C. § 1446(b), "a case may

not be removed on the basis of jurisdiction conferred by section 1332 of this title more than [a] year after commencement of the action." However, under a so-called "revival exception," a defendant may claim a renewed right to remove based on either (1) the plaintiff's deliberately misleading the defendant about the true nature of the case or (2) the plaintiff's filing an amended complaint that "'fundamentally alters' the complexion of the case to such a degree that the amended complaint creates 'an essentially new lawsuit.'" Clegg v. Bristol-Myers Squibb Co., 285 B.R. 23, 31-32 (M.D. Fla. 2002) (Corrigan, J.). "The Eleventh Circuit [Court of Appeals] has neither adopted nor rejected th[e] . . . exception," although one Middle District judge adopted a magistrate judge's recommendation and applied the exception. Daggett v. American Sec. Ins. Co., 2008 WL 1776576, *3 (M.D. Fla. 2008) (Steele, J.) (citing Clegg, 285 B.R. at 31-32).

Clegg recognizes that a distinct majority of the precedent outside Eleventh Circuit rejects a defendant's assertion of the "revival exception." 285 B.R. at 31-32. Furthermore, Clegg notes the possible unavailability of the exception in a removal based on diversity, because Congress failed to adopt a "revival exception" in amending the removal statute in 1988. 285 B.R. at 32 n.9 (citing cases such as, Burke v. Atlantic Fuels Marketing Corp., 775 F. Supp. 474, 475-76 (D. Mass. 1991), which declines based on both the legislative history of the 1988 amendment and congressional intent to curtail diversity jurisdiction to disregard the plain language of the statute); see also Service Asset Mgmt. Co. v. Hibernia Corp., 80 F. Supp. 2d 626, 629 (E.D. Tex. 2000).

In defending removal, the defendant invites an order that "shape[s] the law of diversity jurisdiction within Florida" and states that Pretka v. Kolter City Plaza II, Inc.,

- 3 -

608 F.3d 744, 766 & n.22 (11th Cir. 2010), supports extending the defendant's right to remove.  The defendant primarily relies on the "concern" expressed in <u>Pretka</u> about the "dicta" in <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184 (11th Cir. 2007).  <u>Pretka</u> states that, under <u>Lowery</u>:

> [a] diverse plaintiff could defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim. That would subject the defendant's right to remove to the caprice of the plaintiff, which the Supreme Court has said in another context that we should not do.

608 F.3d at 766.

In this instance, however, neither <u>Pretka</u>'s concern with "artful pleading" nor the purported "revival exception" applies.  From April, 2009, until the first March, 2010, trial date, the plaintiffs consistently claimed (in response to discovery, in civil remedy notices, and in an expert disclosure) damages of less than $75,000.00.  In fact, as the plaintiffs prepared for trial, their expert confirmed the plaintiffs' $62,019.76 damage claim.  The plaintiffs claimed damages in excess of the jurisdictional amount only after the state court overturned summary judgment and the expert several months later re-examined the case.  The only arguable obfuscation by the plaintiffs occurred six months after the expiration of the one-year removal prohibition when, in November, 2010, the plaintiffs hesitated to increase the damage claim based on the expert's new opinion.  Thus, the defendant shows no plausible evidence that the plaintiffs deliberately concealed the amount in controversy.  No fundamental change in the nature of the case results from a $40,000.00 increase in a damages claim.  Both the argument that the

plaintiffs have acted deceptively and the argument that the plaintiffs have transformed the litigation are profoundly weak and utterly unpersuasive.

The one-year repose in the removal statute allows a defendant a year to uncover a basis in fact for removal. Assuming due diligence, a year is plenty. Beyond a year, as the litigation matures and as trial approaches, the removal statute terminates the residual right of removal in order to avoid disruption of settled expectations (as in this case) and to avoid the possible waste of judicial resources invested in an action pending more than a year. The defendant's removal in this action frustrates the statute's demand for due diligence and the statute's objective to conserve a valuable investment by the state judiciary.

Accordingly, the plaintiffs' motion for remand (Doc. 4) is **GRANTED**, and this action is **REMANDED** under 28 U.S.C. § 1447(c) for lack of jurisdiction. The plaintiffs' request for attorney's fees is **DENIED**. The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on January 7, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE